Ruffin, C. J.
 

 It is now settled beyond doubt, that the will of a married woman cannot be rendered available as a will, in Equity, without being first established as a testamentary instrument in the Court of Probate. Note to
 
 Bayley
 
 v
 
 Stubington, 2
 
 Lee’s Eq. Rep. 537.
 
 Douglass
 
 v
 
 Cooper,
 
 3 Mylne
 
 &
 
 Keene, 378.
 
 Newlin
 
 v
 
 Freeman,
 
 1 Ired. 514. The Court of Equity is concluded by the decision of the Court of Probate, that the instrument is or is not a will, because, upon that question, the Court of Probate is in every case the' exclusive judge. The Court of Equity can no more be called on to construe and enforce the will of a
 
 feme covert
 
 before probate, than the will of any other person. After probate, indeed, the Court of Equity is still to see the instrument is of that kind, by which the
 
 feme covert
 
 can dispose of the property.
 

 But it is said, that, it is the province of this court to construe the ¡articles, and therefore that it ought to make a declaration ; that under them or the original agreement, .Mrs. Hurst had the right to make a will, in order to establish that right to the court of probate. We, however, think otherwise. This court has no power to instruct the court of probate upon that point; for it necessarily enters into the inquiry, whether the instrument is a will, since, unless she have a separate estate or a power of appointment by will, a feme covert cannot make a will. Each court must therefore act for itself, as it is entirely competent to do. The course in the courts of probate is indeed settled, when the wife as
 
 *245
 
 sumes the right to make a will and the right is questionable and doubtful, to pronouce for the will, on proof of thejfac
 
 turn,
 
 and leave it to the Court of Equity, as a court of construction and disposal, to determine definitely, whether she had such an interest or authority as she could dispose of or execute by will.
 
 Braham
 
 v
 
 Burchell,
 
 3 Addam 243. Therefore, before this court can take a step towards the relief of the plaintiff, he must come here with a probate of this paper as a will.
 

 But it was further said, that the cause should stand over to allow time to procure a probate, as was done in
 
 Ross
 
 v
 
 Ewer,
 
 3 Atk. 160. Leave was given in that case, because the doctrine touching the separate estates of married women and wills by them had not then been so thoroughly considered, and the proper proceedings settled, as it has since been. There has been no doubt upon the law of the case for a long time past; and, therefore, the party ought to have taken the right way at first. Besides, the plaintiff made an effort, and the court of probate in the first instance, in effect, pronounced against the instrument, and the plaintiff abandoned it, without carrying the question to a higher court. If the plaintiff should still think it worth his while, he may yet endeavor to get a probate ; and if he should succeed, he will then have matter for a bill to which the present decree will be no bar.
 

 Pee Curiam. Bill dismissed.